# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **CRAIG BODDY, ET AL.,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-01420-O |
| § | |
| **STATE FARM COUNTY MUTUAL** § | |
| **INSURANCE COMPANY OF TEXAS,** § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

Before the Court is Plaintiff Craig Boddy's Motion to Remand and Brief in Support (ECF No. 8). Defendant State Farm County Mutual Insurance Company ("State Farm") has not filed a response. After considering the briefing and the applicable law, Plaintiff's Motion to Remand is **GRANTED**.

### I.   BACKGROUND[1]

Plaintiffs Craig Boddy ("Boddy") and Jawharah Boddy originally filed suit on July 19, 2024, in the 96th Judicial District of Tarrant County, Texas against Auto Club County Mutual Insurance Company ("Auto Club"), based on a motor vehicle collision. On January 27, 2025, Plaintiffs filed a Second Amended Petition adding State Farm as a defendant. On June 25, 2025, the state court signed an Agreed Order dismissing with prejudice all claims between Jawharah Boddy and Auto Club. On November 17, 2025, State Farm learned that Auto Club had settled all claims with Craig Boddy. State Farm then timely removed the case to this Court on December 16,

---

[1] Unless otherwise stated, the Court's recitation of the facts is taken from Defendant's Notice of Removal (ECF No. 1).

2025. Boddy subsequently filed a Motion to Remand and State Farm did not file a response. Boddy's Motion is thus ripe for the Court's review.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). To that end, federal courts have an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). "Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Denley Group, LLC v. Safeco Ins. Co. of Indiana*, No. 3:15-CV-1183- B, 2015 WL 5836226, at *1 (N.D. Tex. Sept. 30, 2015) (citing 28 U.S.C. § 1447(c)).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). In policing the precise boundaries of their limited jurisdiction, federal courts strictly construe the removal statute because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally

proper. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995).

Removal is generally governed by 28 U.S.C. § 1446(b)(1) which provides that "removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However "if the case stated by the initial pleading is not removable," 28 U.S.C. § 1446(b)(3) allows for "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." A case may not be removed under § 1446(b)(3) more than one year after it was commenced unless the Court finds that a plaintiff has acted in bad faith to prevent removal. 28 U.S.C. § 1446(c).

### III. ANALYSIS

Boddy argues this case should be remanded to the state court because it was not timely removed under 28 U.S.C. § 1446(c) and because State Farm has not adequately established diversity jurisdiction.[2] The Court first begins with whether removal was timely.

Section 1446(c) provides that a case not initially removable which later becomes removable under diversity jurisdiction cannot be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). Based on the record before

---

[2] Mot. Remand 2–4, ECF No. 8

the Court, Plaintiffs filed their initial pleading in state court on July 19, 2024. Boddy asserts that this is when the action commenced.[3] Thus, he argues that "[b]ecasue State Farm's notice of removal was filed more than one year after commencement of this suit, and because State Farm does not allege, nor could it prove, the bad faith exception to this one-year requirement, this Court should grant Plaintiff's motion to remand."[4] Without the benefit of a counter argument from State Farm challenging this assertion, and not seeing any apparent bad faith on Plaintiffs' part, the Court agrees with Boddy's argument. Therefore, the Court finds that removal was not timely made within one year of the action commencing. Accordingly, the Court **GRANTS** Boddy's Motion to Remand.

Finding that removal was untimely, the Court need not reach Boddy's diversity argument.

### IV.   CONCLUSION

Because removal was not timely, the Court **ORDERS** that the case be remanded to the 96th Judicial District Court of Tarrant County, Texas. The Clerk of Court is **DIRECTED** to remand this case using the ordinary protocol.

**SO ORDERED** on this **29th day** of **January, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] *Id.* at 3.
[4] *Id.* at 4.